UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KATHRYN DELAUNE                                           CIVIL ACTION

versus                                                    NO. 06-2445

KERGAN BROS. INC.                                         SECTION I/4

### ORDER AND REASONS

Before the Court is a motion for summary judgment filed on behalf of defendant, Kergan Brothers Inc.[1] Defendant contends that the claims of plaintiff, Kathryn Delaune, are time barred. Plaintiff has not filed an opposition. For the following reasons, defendant's motion is **GRANTED**.

### *Background*

This civil action arises pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34. On June 2, 2005, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"),[2] and seven months later, on January 18, 2006, the EEOC issued and mailed a dismissal and notice of rights ("right to sue letter") to Delaune, notifying her "**[i]f you decide to sue, you must sue**

---

[1] Rec. Doc. No. 4.

[2] Rec. Doc. No. 4, exhibit 1.

**WITHIN 90 DAYS from your receipt of this Notice.**"[3]  On May 9, 2006, plaintiff filed a complaint for damages against her former employer based on gender and age discrimination.[4]

### *Law and Analysis*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).  That burden is not satisfied by creating merely some metaphysical doubt as to the material facts, by conclusory allegations, unsubstantiated assertions or by only a scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).

Section 2000e-5(f)(1) of Title VII and section 626(e) of the ADEA both require a claimant to file a civil action no more than

---

[3] Rec. Doc. No. 4, exhibit 2 (emphasis in original).

[4] Rec. Doc. No. 1.

90 days after she receives statutory notice of her right to sue. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e).  In *Taylor v. Books A Million, Inc.*, the Fifth Circuit explained:

> Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court.  Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996).  Title VII provides that claimants have ninety days to file a civil action after *receipt* of such a notice from the EEOC. *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982) (citing 42 U.S.C. § 2000e-5(f)(1) (1994)).  This requirement to file a lawsuit within the ninety-day limitation period is strictly construed. *See Ringgold v. National Maintenance Corp.,* 796 F.2d 769, 770 (5th Cir. 1986); *Espinoza v. Missouri Pacific R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir. 1985).  Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired. *See, e.g., Butler v. Orleans Parish School Board*, No. Civ. A. 00-0845, 2001 WL 1135616 (E.D. La. Sept. 25, 2001) (dismissing Title VII claims where *pro se* plaintiff filed her complaint one day beyond the ninety-day period because she and her husband were prevented from filing on the 90th day, as planned, by family illnesses).  Although filing of an EEOC charge is not a jurisdictional prerequisite, it "is a precondition to filing suit in district court." *Dao,* 96 F.3d at 789.

*Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).

The Fifth Circuit recognizes a presumption of receipt when the date of receipt of a plaintiff's right to sue letter is unknown or disputed.  *Id.* at 379-80.  In *Taylor*, the court did not explicitly decide the number of days to allow for mailing, *i.e.*, three, five or seven, when it endorsed the presumption of

3

receipt doctrine.  *Id.*[5]  However, the Fifth Circuit has since applied a three-day delay for mailing when applying the presumption of receipt.  *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 411 (5th Cir. 2003).

Because plaintiff has failed to identify a specific date of receipt for her right to sue letter and has not contested defendant's motion, this Court concludes that plaintiff's claims are untimely.  Plaintiff filed her complaint 110 days after the EEOC mailed her right to sue letter which is well beyond the 90-day deadline even allowing the longest delay for the presumption of receipt.  Accordingly,

**IT IS ORDERED** that the motion for summary judgment of defendant, Kergan Brothers Inc., is **GRANTED.**

New Orleans, Louisiana, July, __6th__, 2006.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[5] In *Taylor*, the Fifth Circuit found that plaintiff's claims would be untimely even if it applied the seven day standard, which is the maximum number of days courts have allowed.  296 F.3d at 379-80.  The *Taylor* court recognized the presumption of receipt could be three days after mailing based on Rule 6(e) of the Federal Rules of Civil Procedure but also recognized a decision applying a five-day delay in addition to the maximum seven-day delay.  *Id.*

4